Entered on Docket
June 06, 2008
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: June 05, 2008**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>ROBERT ISAAC ICHO,<br><br>                 Debtor.<br>_____<br>ROBERT ISAAC ICHO,<br>                 Plaintiff,<br>   vs.<br>ROYAL SPRING WATER and<br>ALEX HAZAN,<br>                 Defendants.<br>_____ | Case No. 07-31238 TEC<br><br>Chapter 11<br><br><br><br><br>Adv. Proc. No. 08-3023 TC |

**MEMORANDUM RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

    On May 22, 2008, the court held a status conference in the above-captioned proceeding. Heather A. Cutler appeared for Plaintiff. There were no other appearances. At the status conference, the court set an evidentiary hearing for June 17, 2008 on Plaintiff's motion for entry of default judgment in the sum of $1,250,000. For the reasons stated herein, the court determines that an evidentiary hearing on the motion for default judgment is premature because the complaint fails to state a claim upon which

MEMO RE PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT        -1-

relief may be granted.

FACTS

The complaint asserts two claims, one for fraud (false representation), and one for breach of contract. The complaint alleges as follows:

>                    FIRST CLAIM FOR RELIEF
>                            FRAUD
> 6. Plaintiff and defendants did business over a
> period of several months, whereby defendants agreed to
> provide bottled water to plaintiff.
> 7. The water was not delivered in accordance with
> the terms of the contract and in some instances, not at
> all. Defendants represented to plaintiff that they would
> return his money to him, and also give him 750,000 shares
> of defendant Royal Water, which shares then had a value
> of approximately $1.65 per share, or a total of in excess
> of $1.25 million.
> 8. The representations were in fact false. None of
> the representations respecting the terms and conditions
> of the agreement were true. Defendants knew that their
> statements were false.
>
>                   SECOND CLAIM FOR RELIEF
>                      BREACH OF CONTRACT
> 9. Defendants represented to plaintiff that they
> would give him $1.250 million evidenced by 750,000 shares
> of stock on account of his claims, but have not done so.

LAW

The complaint does not state a claim upon which relief may be granted. The complaint does not allege essential elements of a claim for breach of contract such as whether the contract at issue was written, oral, or implied (and if the contract was oral, the consideration paid); Plaintiff's performance or nonperformance of the contract; the facts constituting Defendants' breach; and whether Plaintiff's damages were caused by Defendants' breach. 4 Witkin, Pleading §§ 476-501. The complaint fails to allege the fraud with particularity, and omits essential components of a fraud claim such as that Defendants' intended to deceive Plaintiff; that Plaintiff actually relied on Defendants' false statements and that

**MEMO RE PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT**                -2-

such reliance was justifiable; and that damage resulted to Plaintiff from his justifiable reliance on the false statements. 5 Witkin, Pleading §§ 668-89; Fed. R. Civ. P. 9(b).

Once a party's default has been entered, the court has discretion to grant default judgment against that party. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092-93 (9th Cir. 1980). Default judgment is not appropriate when the complaint fails to state a claim upon which relief may be granted. E.g. <u>Interscope Records v. Rodriquez</u>, 2007 WL 2408484 (S.D. Cal. 2007).

Accordingly, by separate order, the court vacates the evidentiary hearing to determine the amount of Plaintiff's damages and directs Plaintiff to amend his complaint to state claims upon which relief may be granted. Fed. R. Civ. Proc. 12(b)(6).

**\*\*END OF MEMORANDUM\*\***

**Court Service List**

Iain A. Macdonald, Esq.
Heather A. Cutler, Esq.
Macdonald and Associates
221 Sansome Street, Third Floor
San Francisco, CA 94104

Royal Spring Water
Agent for Service of Process
3027 East Sunset Road, Ste. 103
Las Vegas, NV 89120

Alex Hazan
468 North Camden Drive, Ste. 200
Beverly Hills, CA 90210